## Lavender v. The State.

Where one who had taught a public school presented to the county school commissioner an account for services as such teacher, that officer was authorized to administer the oath requisite for verification of the account.

May 12, 1890.

False swearing. Criminal law. Officers. Before Judge Jenkins. Wilkinson superior court. October term, 1889.

Reported in the decision.

F. Chambers and J. W. Lindsey, for plaintiff in error.

H. G. Lewis, solicitor-general, by H. T. Lewis, for the State.

Blandford, Justice.

Lavender was indicted for false swearing, in that it was alleged that he swore falsely to an affidavit before a school commissioner of Wilkinson county as to the number of children he had taught, and other things. The point raised here is that the school commissioner had no authority to administer an oath, and that therefore there could be no false swearing within the meaning of the statute; and that it had not been shown that Lavender had been licensed to teach a public school, or that he was employed by the county school commissioner for that purpose. The code, §1259, provides that "county school commissioners, and members of county boards of education, shall be empowered and authorized to administer such oaths as may be necessary in transacting school business." It appears that the plaintiff in error presented an account for services as a teacher to the school commissioner, and we think, under this section of the code, the school commissioner had the authority to administer the oath

which was administered to the plaintiff in error. Indeed, we have no doubt of it. There is no other objection to the judgment rendered by the court below, and the judgment is                                  *Affirmed.*